UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JENNIFER IRBY,

    Plaintiff,

v.                                                          CASE NO.:

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JENNIFER IRBY ("Ms. Irby" or "Plaintiff") files this Complaint against Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, and her attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Miami-Dade County, Florida.

5. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated FMLA leave for her own serious health condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.[1]

## FACTUAL ALLEGATIONS

7. Plaintiff worked as a Full Time Teacher for Defendant from January 2016, through her constructive discharge in April 2018.

8. In approximately January 2018, Plaintiff submitted FMLA certification paperwork to Defendant for her own serious health condition.

9. Pursuant to the FMLA, Defendant was required to timely notify Plaintiff, in writing, as to whether her FMLA request was approved or denied in writing and with particular detail. *See* 29 § 825.300 (b).

10. Defendant failed to do so entirely, and instead, two (2) months later in March 2018, Defendant's Principal verbally declined Plaintiff's FMLA leave without valid reason, cause, or explanation.

---

[1] Pursuant to the Department of Labor, because Plaintiff was a Teacher, she is entitled to a presumption that she worked the 1,250 hours during the twelve (12) months preceding her request for FMLA. *See* Department of Labor Wage and Hour Division ("WHD") Opinion Letter FMLA-78, dated February 14, 1996.

11. Based on this denial of her FMLA rights, and the ongoing serious health condition from which Plaintiff was suffering, Plaintiff had no choice but to resign her employment in April 2018, to attend to her self care.

12. Had Plaintiff been afforded FMLA leave as the law permits, Plaintiff would not have had to resign her employment, could have taken FMLA protected leave to heal, and return to work as the FMLA envisions.

13. But for Defendant's denial of her FMLA leave, Plaintiff would not have resigned her employment with Defendant.

14. A reasonable person in Plaintiff's position would likewise have felt compelled to resign under the circumstances.

15. Plaintiff's requested absence stemming from her serious health condition should have been protected under the FMLA.

16. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

17. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for her use of what should have been protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

18. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her attempted use of FMLA protected leave.

19. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

20. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above.

22. At all times relevant hereto, Plaintiff was protected by the FMLA.

23. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

24. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

25. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

26. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20, above.

28. At all times relevant hereto, Plaintiff was protected by the FMLA.

29. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

30. At all times relevant hereto, Defendant retaliated against Plaintiff by constructively discharging her instead of allowing her use of what should have been FMLA protected leave.

31. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her right to take approved leave pursuant to the FMLA.

32. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 22nd day of November 2019.

Respectfully Submitted,

By**:/s Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*